UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID LEE SEARCY,

    Plaintiff,

v.                                     Case No.  5:23-cv-81-TKW/MJF

BAY COUNTY JAIL FACILITY and
ADMINISTRATION AS NAMED,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with three court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

Plaintiff commenced this civil action while a pre-trial detainee in the Bay County Jail. Doc. 1-1. Because Plaintiff had not yet had an opportunity to amend his complaint and there were several deficiencies with his claims, on April 20, 2023, the undersigned provided Plaintiff an opportunity to file an amended complaint that corrected the deficiencies. Doc. 8. In addition, the undersigned ordered "[w]ithin **SEVEN (7) DAYS**

Page 1 of 5

of any change of his address, Plaintiff shall inform the clerk of the court of his new address. Such notice shall be labeled "Notice of Change of Address" and shall include this case number on it." *Id.* at 14; *cf.* Doc. 5 ¶ 6 ("Throughout this case, [Plaintiff is] required to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address."). The undersigned warned Plaintiff "Failure to apprise the clerk of the court timely of any change of address may result in dismissal of this action." Doc. 8 at 14.

After Plaintiff filed his third amended complaint, the undersigned screened the complaint and found substantial deficiencies. Doc. 24. In light of the deficiencies, on July 26, 2024, the undersigned ordered Plaintiff to amend his complaint or submit a notice of voluntary dismissal. *Id.* The undersigned imposed a compliance deadline of August 16, 2024 and warned Plaintiff that any failure to comply with the order likely would result in dismissal of this action. *Id.* Plaintiff did not comply with that order.

On August 30, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of July 26, 2024. Doc. 25. The undersigned imposed a deadline of September

13, 2024, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On September 6, 2024, the Bay County Jail returned the undersigned's order to show cause because Plaintiff was no longer confined at Bay County Jail. Doc. 26. According to the Florida Department of Corrections' (FDC) Offender Network website, on May 1, 2024, the Florida court sentence Plaintiff to a term of imprisonment. On May 6, 2024, the FDC took custody of Plaintiff. As of the date of this report and recommendation, Plaintiff has not filed a notice of change of address.

On September 6, 2024, the clerk of the court re-mailed to Plaintiff—at the appropriate FDC institution—the order to show cause and the order to amend the complaint. Doc. 26. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's orders.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

Plaintiff has failed to comply with three court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Furthermore, the fact that Plaintiff failed to receive the court's orders is not good cause for his failures. Plaintiff knew that he was required to provide to the court an up-to-date address within seven days of any change of address and that any failure to provide such a notice could result in dismissal. Doc. 8 at 14; Doc. 5 ¶ 6. Despite this knowledge, Plaintiff failed to provide an up-to-date address. Thus, the failure to receive the orders was entirely Plaintiff's fault.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.
2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.